﻿Citation Nr: AXXXXXXXX
Decision Date: 11/30/20 Archive Date: 11/30/20

DOCKET NO. 200728-99906
DATE: November 30, 2020

REMANDED

Entitlement to service connection for atrial fibrillation, to include as secondary to service-connected diabetes mellitus type II, is remanded. 

REASONS FOR REMAND

The Veteran served on active duty in the United States Army from September 1966 to August 1968. 

This matter comes before the Board of Veterans’ Appeals (Board) on appeal from an April 2020 rating decision issued by the Department of Veterans Affairs (VA) Regional Office (RO). In July 2020, the Veteran perfected appeal to the Board by filing a VA Form 10182 Notice of Disagreement and selecting Direct Review of the evidence by a Veterans Law Judge. Thus, the Board will review evidence as of the date of the April 2020 rating decision. 

Entitlement to service connection for atrial fibrillation, to include as secondary to service-connected diabetes mellitus type II, is remanded. 

After reviewing the record, the Board finds that the Agency of Original Jurisdiction (AOJ) committed a pre-decisional duty to assist error by failing to obtain an adequate VA examination. 

In submitting his supplemental claim, the Veteran submitted medical literature indicating that there is a debatable casual relation between diabetes mellitus and atrial fibrillation. 

In a March 2020 VA examination, the examiner opined that the claimed condition is less likely than not (less than 50 percent probability) proximately due to or the result of the Veteran’s service-connected condition. The examiner listed the cardiac and non-cardiac causes of atrial fibrillation, with no indication of diabetes being one, and rationalized that diabetes per se is not known as an independent causative factor for atrial fibrillation (www.epocrates.com) and therefore, it is less likely than not proximately due to or the result of the type II diabetes mellitus. The examiner did not render an opinion as to whether there was aggravation of the condition by the diabetes mellitus. 

First, on it’s the face, the examination is inadequate as the examiner did not render a secondary opinion as to aggravation. In addition to direct service connection, a disability may also be found service connected on a secondary basis by demonstrating that the disability is either (1) proximately due to or the result of an already service-connected disease or injury or (2) aggravated by an already service-connected disease or injury. See Allen v. Brown, 7 Vet. App. 439, 448 (1995). Any medical opinion which addresses secondary service connection must include an aggravation opinion. Second, paramount, the examiner did not address the new evidence submitted by the Veteran. Both the failure to render an opinion as to aggravation and failure to address the medical literature constitutes an inadequate examination, which the RO relied on in the April 2020 decision. 

As VA has an obligation to provide an adequate examination and the failure to do so constitutes a pre-decisional duty to assist error, the claim must be remanded to obtain an adequate examination. Barr v. Nicholson, 21 Vet. App. 303 (2007). 

The matter is REMANDED for the following action:

Obtain an addendum opinion from the March 2020 examiner or in the event that the March 2020 examiner is unavailable, schedule an examination with an appropriate clinician to assess the nature and etiology of the Veteran’s atrial fibrillation. The claims file and a copy of this remand must be made available for review, and the examination report must reflect that review of the claims file occurred. An examination may be conducted via telehealth or similar service during the social distancing restrictions of the COVID-19 pandemic. The examiner is asked to review and directly address the medical literature submitted by the Veteran indicating a causal relationship between diabetes mellitus type II and atrial fibrillation as well as the Veteran’s statements and then opine as to whether:

It is at least as likely as not (a 50% or better probability) that the Veteran’s atrial fibrillation was caused or aggravated by his service-connected diabetes mellitus type II? 

A complete rationale for all opinions is required. 

 

 

DELYVONNE M. WHITEHEAD

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board Q. Alli, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.